IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18–cv–02098–REB–KMT

GLOBAL POWER SUPPLY LLC, a California limited liability company,

    Plaintiff,

v.

ACOUSTICAL SHEET METAL INCORPORATED, a Virginia corporation,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case comes before the court on Defendant's "Motion to Dismiss for Lack of Personal Jurisdiction" (Doc. No. 11, filed 11/24/2018) to which Plaintiff filed a Response (Doc. No. 19, filed 9/24/2018) and to which Defendant filed a Reply (Doc. No. 21 filed 10/9/2018).

**Factual Background**

    The following facts are taken from the Plaintiff's Complaint and the parties' submissions with respect to this Recommendation. Plaintiff Global Power Supply, LLC ("GPS") is a California company that sells, rents and services electrical power generation systems. (Doc. No. 3, ¶¶ 1, 4.) Defendant Acoustical Sheet Metal Inc. ("ASI") is a Virginia company (Doc. No. 11 at 1) that creates enclosures for power generation systems (Doc. No. 3, ¶ 4). GPS contends that it entered into a contract with ASI for the fabrication and assembly of metal enclosures for use

on a construction site in El Paso County, Colorado. (*Id*. at ¶ 6.) According to GPS, ASI was obligated to prepare the enclosures for shipping so that no damage would occur while being shipped, but failed to properly prepare one generator that was ultimately damaged. (*Id*. at ¶ 8–11.) GPS brought the present lawsuit against ASI in which GPS alleges a breach of contract. (*Id*. at 2.) ASI subsequently filed a motion to dismiss for lack of personal jurisdiction. (Doc. No. 11.) In its motion, ASI contends that it has no connections to Colorado other than the single shipment of enclosures that GPS arranged to have shipped to Colorado after purchase. (*Id*. at 7–10.)

**Legal Standard**

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint "for lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of establishing personal jurisdiction over the defendant. *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). In the preliminary stages of litigation, Plaintiff's burden is light. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Where, as here, there has been no evidentiary hearing, and the motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other materials, Plaintiff need only make a *prima facie* showing that jurisdiction exists. *Id*.

Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The allegations in Plaintiff's complaint "'must be taken as true to the extent they are uncontroverted by [Defendant's] affidavits.'" *Wenz*, 55 F.3d at 1505 (*quoting Doe v. Nat'l Med. Servs.*, 974 F.2d

143, 145 (10th Cir. 1992)). If the parties present conflicting affidavits, all factual disputes must be resolved in Plaintiff's favor, and "[P]laintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party." *Id*. (citation omitted). Only well-pleaded facts, as opposed to mere conclusory allegations, must be accepted as true. *Id*.

To determine whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action, the court looks to the law of the forum state. *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990). In Colorado, the assertion of personal jurisdiction must both: (1) satisfy the requirements of the long-arm statute; and (2) comport with due process. *Id*.; *Doering v. Copper Mountain, Inc.*, 259 F.3d 1202, 1209 (10th Cir. 2001); *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235 (Colo. 1992). Colorado's long-arm statute subjects a defendant to personal jurisdiction for engaging in—either in person or by agent—the "commission of a tortious act within the state," or the "transaction of any business within this state." Colo.Rev.Stat. §§ 13–1–124(1)(a)–(b)(2007). To comport with due process, a defendant must have minimum contacts with the forum state such that maintenance of the lawsuit would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Colorado's long-arm statute is a codification of the "minimum contacts" principle required by due process. *See Lichina v. Futura, Inc.*, 260 F.Supp. 252, 255 (D. Colo. 1966). Accordingly, under Colorado Law, a court may assert jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. *See OMI Holdings, Inc.*, 149 F.3d at 1090; *Scheuer v. Dist. Ct.*, 684 P.2d 249 (Colo. 1984).

**ANALYSIS**

Defendant asserts it is not subject to this court's personal jurisdiction because the court does not have general or specific jurisdiction over Defendant. (Doc. No. 11 at 1–2.) More specifically, Defendant contends that it does not have any employees, offices, agents or distributors in Colorado, or marketing in or directed toward Colorado. With the exception of a single product shipment at Plaintiff's direction, Defendant claims to have no contacts with the state of Colorado. (*Id*. at 2.) Plaintiff contends that this court may exercise jurisdiction over Defendant because Defendant contracted to assemble and sell generator enclosures to Plaintiff that Defendant knew Plaintiff would ship to Colorado. (Doc. No. 19 at 3–4.)

**1. Minimum Contacts**

To determine whether personal jurisdiction is proper under the Constitution, a court first looks to find minimum contacts with the forum state. *See Int'l Shoe Co*., 326 U.S. at 316. To establish minimum contacts with the forum state, it is "essential . . . that there be some act by which the defendant[s] purposefully avail[] [themselves] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Where defendants have "purposefully directed" their activities at residents of the forum state, they have had "fair warning" that a particular activity may subject them to the jurisdiction of a foreign sovereign. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). "The purposeful availment requirement also assures that a defendant will not be subject to the laws of a jurisdiction 'solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person.'" *AST Sports*

*Sci., Inc. v. CLF Distribution Ltd.*, No. 06–1157, 2008 WL 217722, at *3 (10th Cir. Jan. 18, 2008) (*quoting Benally v. Amon Carter Museum of W. Art*, 858 F.2d 618, 625 (10th Cir. 1988)).

The minimum contacts standard can be met in two ways. *Id*. A court may either assert specific jurisdiction over a nonresident defendant if the defendant has "purposefully directed" its activities at residents of the forum and the litigation results from the alleged injuries that arise out of or relate to those activities, *Burger King Corp.*, 471 U.S. at 472, or, where a court's jurisdiction does not directly arise from a defendant's forum-related activities, the court may maintain general jurisdiction over the defendant based on the defendant's general business contacts within the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 (1984). In assessing minimum contacts in a breach of contracts case, pertinent factors include prior negotiations, contemplated future consequences, the terms of the contract and the parties' course of dealing. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1077 (10th Cir. 2004).

**a. General Jurisdiction**

General jurisdiction may exist in the absence of specific jurisdiction. "[B]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *OMI*, 149 F.3d at 1091 (internal quotation marks omitted). The evidence supporting Defendant's contacts with Colorado for the purpose of general jurisdiction is slim. The record shows that Defendant is not registered to do business in Colorado (Doc. No. 11-1, ¶ 6), has never leased, owned, or possessed any offices, facilities, or other real or personal property in Colorado (*Id*. at ¶ 7), has never recruited any employees in Colorado (*Id*. at ¶ 8), has never had any employees, distributors, agents, representatives, or

shareholders in Colorado (*Id*.), has no bank accounts in Colorado (*Id*. at ¶ 9), and has never solicited any business in Colorado through advertisements or any kind of marketing (*Id*. at ¶ 10). There is no evidence of a continuous and systematic activity in Colorado on the part of the defendant.

### b. Specific Jurisdiction

A court may assert specific jurisdiction over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *OMI*, 149 F.3d at 1090-91 (*quoting Burger King*, 471 U.S. at 472). If such purposeful availment in the form of minimum contacts is shown, a court must then consider whether the exercise of personal jurisdiction over the defendant offends "traditional notions of fair play and substantial justice." 149 F.3d at 1091 (*quoting Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102, 113 (1987)).

Plaintiff asserts that the court should exercise specific jurisdiction over Defendant because Defendant sold products to Plaintiff knowing they were bound for Colorado and specifically prepared them for shipment to Colorado. (Doc. No. 19 at 6–11.) Plaintiff contends that, by accepting the manufacture and sale of products to Plaintiff, Defendant set itself up for personal jurisdiction in Colorado. (*Id*. at 8.) The court considers *Otter Products, LLC v. Seal Shield, LLC* to be instructive. 2014 WL 1213475, No. 13-cv-01734, at *3 (D. Colo. Mar. 24, 2014). In *Otter Products*, the Court determined that the production and shipment to Colorado of an electronic device enclosure was insufficient to establish jurisdiction where the defendant did not take any measures to seek out Colorado residents as customers and did not take efforts to

market to a national audience that could include Colorado. *Id*. Notably, the Court focused on the fact that the plaintiff, not the defendant, "initiated and directed" the shipment to Colorado. *Id*. Similarly, in the present case, there is no evidence that the defendant took measures to market to a national audience. The record is clear that the defendant took no measures to solicit business from residents of Colorado (Doc. No. 11-1, ¶¶ 10, 11) and that the plaintiff, not the defendant, initiated and directed the shipment of the generator enclosure to Colorado (*Id*. at ¶ 14). Indeed, the evidence shows that Plaintiff provided Defendant with shipping instructions, arranged for the shipment of the product from Virginia to Colorado and that Defendant was not involved in selecting the vendor, method or date of shipment. (*Id*.) Plaintiff merely asserts that Defendant prepared the enclosures for shipment, but does not assert any facts to suggest that the defendant took any role in seeking out Colorado as the destination for its products or in actually shipping the product to Colorado.[1] (Doc. No. 19-1, ¶ 12.) Accordingly, without additional contacts between the Defendant and Colorado, the court cannot determine that the defendant purposefully directed itself at residents of Colorado.

2. **Fair Play and Substantial Justice**

Based on the foregoing, this court lacks any basis to assert personal jurisdiction over the defendant. It is therefore unnecessary for the court to consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice.

---

[1] Moreover, while Plaintiff also focuses on the cost of the generator enclosures (Doc. No. 19-1, ¶ 9), it points to no authority suggesting that personal jurisdiction is driven by the cost of a product shipped to a forum.

7

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those

portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of November, 2018.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge